IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:12-cv-14137-KMM

GREGORY PRENATT,

    Plaintiff,

vs.

KIMC INVESTMENTS, INC. d/b/a
EDUCATION AFFILIATES, and
KIMC PORT ST. LUCIE, LLC d/b/a
MEDVANCE INSTITUTE,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand (ECF No. 8). Defendant filed a Response (ECF No. 9). The Motion is now ripe for review. Upon consideration of the Motion, Response, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

This is an employment discrimination case, which Plaintiff filed in Florida state court on March 13, 2012. Defendants were served with Plaintiff's Complaint on March 28, 2012 and timely removed the instant action on April 27, 2012. Plaintiff Gregory Prenatt is domiciled in Florida and is a citizen of the State of Florida. Defendant KIMC Investments, Inc. is organized under the laws of Delaware with its principal place of business located in Maryland. Defendant KIMC Port St. Lucie is a limited liability company organized under the laws of Florida. The sole member of KIMC Port St. Lucie is KIMC Louisiana Holding, LLC, which is a limited liability company organized under the laws of Delaware. The citizenship of a limited liability company for purposes of diversity jurisdiction is determined by the citizenship of its members.

1

See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, Defendant KIMC Port St. Lucie is a citizen of Delaware, and Plaintiff and Defendants are diverse for purposes of diversity jurisdiction.

Plaintiff, however, argues that Defendant has failed to meet the amount in controversy requirement established by 28 U.S.C. §1332(a), which vests a district court with subject matter jurisdiction when the parties are diverse and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs ." 28 U.S.C. § 1332(a). A review of Plaintiff's Complaint reveals Plaintiff is seeking unspecified damages for back pay, plus prejudgment interest; front pay; compensatory damages; punitive damages; and reasonable attorney's fees and costs. Compl., at ¶ 18 (ECF No. 1-2). In Lowery v. Alabama Power Co., the United States Court of Appeals for the Eleventh Circuit held that "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." 483 F.3d 1184, 1208 (11th Cir. 2007) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356–57 (11th Cir. 1996)). In assessing whether removal was proper, the district court can rely on "the notice of removal and accompanying documents," however, "[i]f that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." Id. at 1213–15.

Here, the Parties do not dispute that Plaintiff's annual salary was approximately $80,000. According to Defendants, the amount of back pay accrued at the time of removal was approximately $93,333.33. Plaintiff, however, argues that he found a new job—with a higher paying salary—and for this reason total back pay is limited to a three month period and only amounts to approximately $20,000, which is well below the amount in controversy requirement.

Plaintiff's argument is irrelevant to the amount in controversy requirement. As the Supreme Court has held, "the fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim . . . will not justify remand." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). Consequently, in light of the amount of back pay accrued at the time of removal, and Plaintiff's annual salary as alleged in Defendant's Notice of Removal (ECF No. 1), this Court finds that Defendants have satisfied the amount in controversy requirement contained in 28 U.S.C. §1332(a) and federal subject matter jurisdiction exists.

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (ECF No. 8) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of June, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record